UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMPACT TELECOM, LLC,<br><br>                         Plaintiff,<br><br>v.<br><br>SANSAY, INC,<br><br>                        Defendant. | Case No.: 3:25-CV-31 TWR (VET)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES**<br><br>(ECF No. 18) |

Presently before the Court is Plaintiff Impact Telecom, LLC's Motion for Attorneys' Fees ("Mot.," ECF No. 18). This Court vacated the hearing and took the Motion under submission pursuant to Civil Local Rule 7.1(d)(1). (ECF No. 24.) The Motion remains unopposed as of the date of this Order. (*See* ECF No. 23.) Although the Court would be within its discretion to grant Plaintiff's Motion based on Defendant's failure to file an opposition, (*see* Section III.A.2 of the undersigned's Standing Order for Civil Cases,) the Court has reviewed Plaintiff's Motion and determined that it fails on the merits. The Court **DENIES** Plaintiff's Motion for Attorneys' Fees.

## BACKGROUND

On January 9, 2025, this Court granted Plaintiff Impact Telecom, LLC's Ex Parte Application (ECF No. 3) for a Temporary Restraining Order and ordered Defendant Sansay, Inc. to show cause on or before January 13, 2025, as to why an Order should not

be issued pursuant to Rule 65 of the Federal Rules of Civil Procedure preliminarily enjoining Defendant, its agents, employees, partners, and any others acting in concert or on its behalf from suspending or terminating the Product Licenses for certain telecommunications equipment and software. (*See* ECF No. 8 ("TRO").) Although Defendant failed to file any opposition, (*see generally* Docket), Defendant's counsel appeared at the hearing and indicated that Defendant did not oppose a preliminary injunction but requested that it be limited to 90 days. (*See* ECF No. 14.)

On January 27, 2025, this Court granted Plaintiff a Preliminary Injunction and enjoined Defendant, its agents, employees, partners, and any others acting in concert or on its behalf from suspending or terminating the licenses associated with the June 24, 2014, Sale Agreement for a period of one hundred twenty (120) days. (*See* ECF No. 15 ("PI").) On June 26, 2025, Plaintiff filed a Motion for Attorneys' Fees. (*See* ECF No. 18.) Defendant did not file an opposition. (*See generally* Docket.)

## LEGAL STANDARD

The "American Rule" provides that each party must bear the cost of its attorneys' fees regardless of the outcome of the litigation. *See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975), *superseded by statute on other grounds*, Civil Rights Attorney's Fees Award Act of 1976, Pub. L. No. 94-559, 90 Stat. 2641. As a general matter, prevailing litigants are only entitled to collect attorneys' fees where there is explicit statutory authorization or a binding contractual provision providing for such awards. *See Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co.*, 549 U.S. 443, 448 (2007); *Key Tronic Corp. v. United States*, 511 U.S. 809, 814–15 (1994).

Pursuant to Federal Rule of Civil Procedure 54, if a court directs entry of final judgment as to one or more defendants, but fewer than all of them, finding no just reason for delay in entry of judgment, the prevailing party may file a motion for attorneys' fees. *See* Fed. R. Civ. P. 54(b), (d). Rule 54(d)(2) "creates a procedure but not a right to recover attorneys' fees." *MRO Commc'ns, Inc. v. AT&T Co.*, 197 F.3d 1276, 1280 (9th Cir. 1999). Accordingly, "there must be another source of authority for such an award." *Id.* at 1281

(citation omitted). "The requirement under Rule 54(d)(2) of an independent source of authority for an award of attorneys' fees gives effect to the 'American Rule' that each party must bear its own attorneys' fees in the absence of a rule, statute, or contract authorizing such an award." *Id*. (citation omitted). With respect to costs other than attorneys' fees, Rule 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party. . . . The clerk may tax costs on 14 days' notice." Fed. R. Civ. P. 54(d)(1).

The court can also act under its inherent authority to impose a sanction, as opposed to applying a rule or statute. *See Am. Unites for Kids v. Rousseau*, 985 F.3d 1075, 1090 (9th Cir. 2021). To do so a district court must find either: (1) a willful violation of a court order; or (2) bad faith. *See id.* A "'willful' violation of a court order does not require proof of mental intent such as bad faith or an improper motive, but rather, it is enough that a party acted deliberately." *Id.* (citing *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1035 (9th Cir. 2012)). When a court uses its inherent sanctioning authority, there must be a causal link between the litigant's misbehavior and the legal fees paid by the opposing party. *See Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 108 (2017).

"Where a federal district court is exercising its subject matter jurisdiction over a state law claim, the court should follow state law regarding awarding attorney's fees so long as that state law is not contrary to a federal statute or rule." *Vestin Realty Mortg. II, Inc. v. Klaas*, No. 08CV2011 AJB (MDD), 2012 WL 13055672, at *1 (S.D. Cal. July 27, 2012); *see also Schulz v. Lamb*, 591 F.2d 1268, 1273 (9th Cir. 1978) ("Federal courts, however, are required to apply state law in diversity actions with regard to the allowance or disallowance of attorney's fees.")

## ANALYSIS

### I. Contractual Attorney Fees as the Prevailing Party

First, Plaintiff argues it is entitled to contractual attorneys' fees because the contract with Defendant provided for attorneys' fees and costs to the prevailing party in any arbitration. (*See* Mot. at 8–11.) The relevant contractual provision reads as follows:

> Any disputes arising hereunder will be resolved through binding arbitration under the rules of the American Arbitration Association, to be conducted in San Diego, California. This Agreement will be governed by and construed in accordance with the laws of California. The *prevailing party in any such arbitration shall be entitled to recover reasonable attorneys' fees* and actual costs.

(*Id.*) (emphasis added).

### A. Application to Judicial Proceedings

Plaintiff relies on *Ajida Technologies, Inc. v. Roos Instruments, Inc.*, 87 Cal. App. 4th 534 (2001), to argue that despite the contract stating that that the prevailing party in "any such arbitration" is entitled to fees, the contract's language is broad enough to encompass related judicial proceedings. (*See* Mot. at 8–11.) But *Ajida Technologies, Inc.* is inapplicable when no arbitration has occurred. In *Ajida Technologies, Inc.*, the court found that fees from an arbitration appeal to confirm the arbitrator's award were appropriately granted under the terms of the contract. 87 Cal. App. 4th at 552. Here, Plaintiff filed suit to obtain a temporary restraining order and preliminary injunction to preserve the status quo pending an arbitration on the merits. This is markedly different from *Ajida Technologies, Inc.* and all the cases Plaintiff cites where the court allowed attorneys' fees for judicial proceedings occurring *after* an arbitration already occurred. Therefore, the Court finds the contract's language is not broad enough to encompass judicial proceedings that do not decide the merits of the action and occur before an arbitration.

### B. Prevailing Party

Even if the contract was broad enough to encompass the judicial proceedings, Plaintiff has not demonstrated that it is the prevailing party in this case. Under California law, in an action on a contract, Civil Code section 1717 permits an award of reasonable attorney fees to the prevailing party where the contract specifically provides for them. Civil Code section 1717 defines "prevailing party" as "the party who recovered the greater relief in the action on the contract." Civ. Code, § 1717, subd. (b)(1). But "[i]f neither party

achieves a complete victory on all the contract claims, it is within the discretion of the trial court to determine which party prevailed on the contract or whether, on balance, neither party prevailed sufficiently to justify an award of attorney fees." *DisputeSuite.com, LLC v. Scoreinc.com*, 2 Cal. 5th 968, 973 (2017) (citing *Scott Co. v. Blount, Inc.* 20 Cal. 4th 1103, 1109 (1999)). Further, the prevailing party determination is to be made "only upon final resolution of the contract claims and only by a comparison of the extent to which each party ha[s] succeeded and failed to succeed in its contentions." *Id.* (internal quotations omitted).

Here, Plaintiff only obtained a temporary restraining order and a preliminary injunction. (*See* TRO; PI.) Therefore, there has not been a "final resolution of the contract claims." *DisputeSuite.com, LLC*, 2 Cal. 5th at 973. Because Plaintiff only prevailed on an "interim motion that did not resolve the parties' contract dispute," the question of if Plaintiff will "be the overall victor, and become entitled to its attorney fees pursuant to the agreements, remains to be seen." *Id.* at 977; *see also Chen v. Valstock Ventures, LLC*, 81 Cal. App. 5th 957, 973 (2022), *as modified* (Aug. 24, 2022) (finding that "the Legislature intended attorney's fees under section 1717 to be awarded only at the conclusion of all litigation in a case, either in a final judgment or some other final disposition.").

## II. Willful Disobedience of a Court Order

A court has the inherent power to assess attorneys' fees for "willful disobedience of a court order." *Roadway Express v. Piper*, 447 U.S. 752, 766 (1980) (internal quotation marks and citations omitted). Plaintiff alleges that Defendant willfully "violated the OSC and the TRO Order." (Mot. at 11.) The undersigned, however, does not find that failing to show cause why an order should not be issued is sufficient to warrant attorneys' fee sanctions. Further, Plaintiff claims that Defendant violated the TRO by not updating the license expiration timer. (*See* Mot. at 12.) But the TRO stated that Defendant "**SHALL NOT SUSPEND OR TERMINATE** the licenses," (TRO at 18) (emphasis in original), and Plaintiff does not claim that Defendant allowed the licenses to be suspended or expire. The TRO Order did not order Defendant to immediately update the license suspension

timer. While the timer reasonably would have caused Plaintiff anxiety, not timely updating a countdown timer does not rise to the level of willful disobedience justifying sanctions under the Court's inherent authority.

### III. Bad Faith

A court has the inherent power to assess attorneys' fees "when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Roadway Express*, 447 U.S. at 766. But a court may not exercise its inherent powers without a "specific finding of bad faith." *RG Abrams Ins. v. L. Offs. of C.R. Abrams*, 342 F.R.D. 461, 529 (C.D. Cal. 2022) (citing *United States v. Stoneberger*, 805 F.2d 1391, 1393 (9th Cir. 1986)). Further, awards of attorneys' fees for bad faith are reserved for the "rare and exceptional case where the action is clearly frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose." *Physician's Surrogacy, Inc. v. German*, 311 F. Supp. 3d 1190, 1197 (S.D. Cal. 2018) (citing *Primus Auto. Fin. Servs. v. Batarse*, 115 F.3d 644, 649 (9th Cir. 1997)). "A party also demonstrates bad faith by delaying or disrupting the litigation or hampering enforcement of a court order." *Primus Auto. Fin. Servs., Inc*, 115 F.3d at 649 (internal quotation and citation omitted). Bad faith cannot be found "solely upon a finding of bad faith as an element of the cause of action presented in the underlying suit." *Ass'n of Flight Attendants, AFL-CIO v. Horizon Air Indus.*, Inc., 976 F.2d 541, 550 (9th Cir. 1992). "An award of attorney's fees under the bad faith exception is not remedial; 'the underlying rationale . . . is . . . punitive.'" *Id.* (citing *Hall v. Cole*, 412 U.S. 1, 5 (1973).

Plaintiff claims that the following instances illustrate Defendant's bad faith during the litigation:

> Defendant's counsel failed to accept service of any pleadings or enter any appearance in the case, forcing Plaintiff to effectuate personal service of multiple filings on an expedited basis, Defendant failed to file any opposition to Plaintiff's Ex Parte Application despite being ordered to do so by this Court, Defendant refused to sign the stipulated order Plaintiff's counsel prepared, and then insisted – without any good-faith basis – that the preliminary injunction should only be in effect for 90

days instead of the 120 days that was required for Plaintiff to move its telecommunications system off of Defendant's network.

(Mot. at 13.) Plaintiff further contends that this lawsuit is premised on Defendant's bad faith threat to revoke Plaintiff's license in an attempt to get Plaintiff to renew a maintenance contract. (*Id.*)

The undersigned declines to make an explicit finding of bad faith. While Defendant's actions before and during this litigation were misguided, the Court cannot say that this is the type of "exceptional" case that justifies sanctioning Defendant. *See Seven Arts Filmed Ent. Ltd. v. Content Media Corp.*, No. CV114603ABCFMOX, 2011 WL 13220422, at *4 (C.D. Cal. Oct. 27, 2011) (reasoning that a sanction of attorneys' fees for bad faith conduct "can be imposed only in exceptional cases and for dominating reasons of justice") (citing *Beaudry Motor Co. v. Abko Props.*, Inc., 780 F.2d 751, 756 (9th Cir. 1986)).

## IV. Taxable Costs as the Prevailing Party

As discussed in Section I, Defendants have not demonstrated they are the prevailing party. Thus, Plaintiff is not entitled to taxable costs as the prevailing party.

## V. Non-Taxable Costs via Contract

As discussed in Section I, Defendants have not demonstrated they are the prevailing party or that the contract's language applies to this judicial proceeding. Thus, the non-taxable costs are not recoverable.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion for Attorneys' Fees (ECF No. 18.)

**IT IS SO ORDERED.**

Dated: October 22, 2025

Honorable Todd W. Robinson
United States District Judge